UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 09-341** |
| **ROBERT KIM ISTRE** | **SECTION: "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Emergency Motion for Compassionate Release/Reduction in Sentence** (Rec. Doc. 68) is **DENIED**.

## BACKGROUND

Defendant was convicted by his plea of guilty in May 2011 to Count 1 of the indictment, charging him with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). He was sentenced by the court to 210 months of imprisonment as to Count 1. Defendant has served approximately 146 months of that sentence and is currently housed at Federal Medical Center ("FMC") Fort Worth with a projected release date of February 20, 2025.

On or about August 7, 2020, the defendant requested the warden at FMC Fort Worth to consider him for compassionate release/home confinement. Rec. Doc. 70-1. On September 1, 2020, the warden denied the defendant's request for a reduction in sentence, in a letter that instructed him he could appeal the decision on Form BP-9. Rec. Doc. 68-1, p. 5. Defendant appealed the decision on September 23, 2020. Rec Doc. 68-1, p. 3-4. The record does not disclose the status of that appeal. On October 5, 2020, the defendant filed the instant motion

for compassionate release seeking a reduction to time served. Rec. Doc. 68, p. 2.[1]

## DISCUSSION

Defendant now moves for a reduction in sentence to time served under the compassionate release provision at 18 U.S.C. § 3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Exhaustion Requirement*

The Fifth Circuit has recently clarified that the requirement that a defendant file a request with the Bureau of Prisons ("BOP") before filing a motion in federal court is a mandatory, but nonjurisdictional, claim-processing rule. United States v. Franco, —F.3d---, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020). As such, it is mandatory if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019). In the present case, defendant submitted a request to the warden which was denied in a letter directing him to utilize the administrative remedy process if dissatisfied with the result. Rec. Doc. 68-1, p. 5. The record in this case reflects that at the time the instant motion was filed,

---

[1] While defendant's original request to the warden alternatively sought release to home confinement, he appears to have abandoned that request in the current motion, and at any rate, it is not within the court's authority to grant. It is the BOP, not the court, that designates the place of defendant's imprisonment. See 18 U.S.C. § 3261(b).

defendant's administrative appeal remained pending, and only 12 days had elapsed since it had been filed. Nevertheless, over 30 days have elapsed since the appeal was filed, and the Government has concluded the matter is fully exhausted. The court thus construes this as a waiver by the Government of any unmet requirements for full exhaustion (to the extent they exist) and accordingly, the court addresses the merits of defendant's motion.

*Merits Discussion*

Title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) **and** upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Under the application notes to the Guideline, the court reaches the question of "extraordinary and compelling reasons" only after the defendant has satisfied the requirement of subsection two, that he is not a danger to the safety of others under section 3142(g). U.S.S.G. § 1B1.13, cmt. n.1. In determining if a defendant is a danger to another person or the community, title 18, section 3142(g) requires consideration of factors including, <u>inter alia</u>, "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . or involves a minor victim. . . , the weight of the evidence against the defendant; and the history and characteristics of the defendant. . . ." 18 U.S.C.A. § 3142(g).

In this case, the defendant argues that his medical conditions, including congestive heart failure, C.O.P.D., kidney failure, hypertension, enlarged prostate, and arthritic ankles and knees make him especially vulnerable to COVID-19 and thus constitute an "extraordinary and compelling reason" justifying compassionate release. The only arguments made going to the question of community safety are his contention that he "has been a model inmate, incurring no infraction," and that he "does not pose a danger to any other person or the community under any relevant standard." Rec. Doc. 68, p. 5. The first contention is demonstrably false, and the latter is conclusory and lacks evidentiary support.

The record in this matter establishes that defendant has been cited for three disciplinary infractions during his incarceration. Rec. Doc. 72. In August 2019, the defendant was found in an unauthorized area and received a verbal reprimand; in July 2014, the defendant refused to obey an order and received a sixty day loss of phone reprimand, and in July 2013, the defendant abused his phone privileges. Thus, defendant's false statement that he has had "no infraction" does not support his request for a sentence reduction.

As for the statement that he "does not pose a danger to any other person or the community under any relevant standard," in addition to the fact that it is conclusory, the relevant standard is 18 U.S.C.A. § 3142(g), which specifically identifies conviction of a crime with minor victims, which occurred in this case, as a factor supporting a finding that a defendant is a danger to the community. Further, while defendant's age and health status may make him less of a physical danger to the community, he remains a danger to the community because if released, he could very easily regain access to the internet and resume sending and receiving of child

pornography.

Even if defendant could satisfy the requirements of section 3142(g), defendant's medical condition does not rise to the level of an "extraordinary and compelling reason" warranting a reduction. While the application notes to the policy statement provide that certain types of medical conditions qualify as "extraordinary and compelling reasons," such as when a defendant is "suffering from a serious physical or medical condition," the condition must also be one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility. . . ." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). As the Government has acknowledged, the defendant's medical records confirm that the defendant suffers from a host of medical issues, such as congestive heart failure, hypertension, benign localized hyperplasia of his prostate, and Stage 3 chronic kidney disease, which pose an increased risk for severe illness from COVID-19. However, the medical records do not establish that defendant's ailments substantially diminish his ability of the defendant to provide self-care within the correctional facility. To the contrary, defendant's extensive medical records reveal that his health is being monitored by BOP and – except on the occasions when the defendant has refused treatment[2] – are being addressed through robust BOP-provided care and medication. Rec. Doc. 74. Finally, a review of the defendant's BOP-provided medical records indicates that the defendant has not

---

[2]Defendant's medical records reflect that when BOP offered the defendant an opportunity to see an ophthalmologist in January 2020, to receive treatment of Narrow Angle Glaucoma, the defendant refused and stated that he "just [didn't] want to go" despite BOP's careful explanation that complications such as worsening of his condition or death could result because of his refusal to accept treatment. Rec. Doc. 74, pp. 11 and 43. Further, in October 2019, BOP medical staff documented during a chronic care visit that the defendant had repeated instances of his medications expiring and the defendant not noticing or requesting refills. Id. at p. 51.

been exposed to COVID-19 while he has been incarcerated at FMC Fort Worth. Thus, defendant has not established that his to provide self-care within the correctional facility has been diminished. Having failed to establish that extraordinary and compelling reasons exist that warrant a reduction, and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the court pretermits consideration of the section 3553 factors.

Having reviewed the record, the memoranda of the parties, and applicable law, the court finds that defendant is not entitled to a reduction in sentence pursuant to 18 U.S.C. § 3582, and accordingly,

**IT IS HEREBY ORDERED** that defendant's **Emergency Motion for Compassionate Release/Reduction in Sentence** (Rec. Doc. 68) is **DENIED**.

New Orleans, Louisiana, this   3rd   day of November, 2020.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE