UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 09-341

ROBERT KIM ISTRE                            SECTION: "S"

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Compassionate Release - Reduction in Sentence** (Rec. Doc. 74) is **DENIED** without prejudice for failure to exhaust.

BACKGROUND

Robert Kim Istre entered a plea of guilty in May 2011 to Count 1 of the indictment, charging him with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). He was sentenced to 210 months in prison. Defendant has served approximately two-thirds of that sentence and is currently housed at Federal Medical Center ("FMC") Fort Worth, with a projected release date of February 20, 2025.

On November 3, 2020, this court denied Istre's prior motion for compassionate release, finding that Istre had not demonstrated that he was not a danger to the community. The court cited his disciplinary infractions and his sex offender status. The court also found that the Bureau of Prisons was adequately managing his medical condition in prison. Istre has now filed the instant motion, again seeking compassionate release. Istre claims that his COVID-19 diagnosis is a changed circumstance warranting compassionate release. He has not provided proof that he filed the required request for relief

with the BOP.

## DISCUSSION

This court previously denied Istre's § 3582(c)(1)(A) motion for compassionate release on the merits. Title 18 U.S.C. § 3582(c)(1)(A) provides:

> [U]pon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Unlike a petition made under 28 U.S.C. §§ 2254 or 2255, successive motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) are allowed. United States v. Mendoza, 2019 WL 6324870, at *4 (D. Minn. Nov. 26, 2019) ("Section 603(b) of the First Step Act . . . does not bar successive motions. Indeed, such a prohibition would not make sense for petitions for compassionate release, which is appropriate in a range of circumstances that may arise even after a court has previously found that compassionate release was inappropriate."); accord United States v. Cooper, 2020 WL 5552880, at *5 (S.D. Tex. Sept. 4, 2020), vacated and remanded on other grounds, 2021 WL 1661493 (5th Cir. Apr. 28, 2021).

A defendant may file a successive motion for compassionate release, after the prior motion was denied on the merits, when the circumstances underlying the prior motion for compassionate release significantly change. See United States v. Read-Forbes, 2020 WL 4726685, at *3 (D. Kan. Aug. 13,

2020) ("Defendant now renews her motion under Section 3582(c)(A)(1)(i) based on changed circumstances, i.e. the outbreak of COVID-19 infections at her facility . . . . To file a renewed motion, however, defendant first must exhaust administrative remedies based on the new information."); <u>United States v. Adkins</u>, 2020 WL 4188205, at *2 (N.D. Ind. July 21, 2020) ("If factual developments warrant a reconsideration, Adkins is free to exhaust administrative remedies again, and file a new motion under § 3582(c)(1)(A).")

However, as a prerequisite to filing that motion, there is a requirement that a defendant file a request with the Bureau of Prisons ("BOP"). <u>United States v. Franco</u>, 973 F.3d 465 (5th Cir. 2020). A request to the BOP is mandatory before filing a renewed claim for compassionate release based on the change in circumstances.

Here, the government contends that Istre has not exhausted his claim, because he has not requested that the BOP file a motion for compassionate release on his behalf. There are no documents in the record suggesting that any request was made. Thus, this court cannot reach the merits of Istre's request. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Compassionate Release - Reduction in Sentence** (Rec. Doc. 74) is **DENIED** without prejudice for failure to exhaust.

New Orleans, Louisiana, this 4th day of May, 2021.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**